IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GOSECURE, INC.<br><br>Plaintiff,<br><br>v.<br><br>CROWDSTRIKE, INC., and<br>CROWDSTRIKE HOLDINGS, INC.<br><br>Defendants. | Case No. 1:24-cv-00526-DII<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, Plaintiff GoSecure, Inc. ("GoSecure") and Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (collectively, "CrowdStrike") respectfully submit the following Proposed Scheduling Order.

1. GoSecure served its Complaint (Dkt. 1) on CrowdStrike on May 21, 2024. *See* Dkt. 14, 15. GoSecure agreed to extend CrowdStrike's deadline to respond to the Complaint through July 25, 2024. Dkt. 16. On July 25, 2024, CrowdStrike filed a Rule 12(b)(6) Motion to Dismiss GoSecure's Complaint. Dkt. 21. Thereafter, the parties agreed to mutual extensions of time (Dkt. 22), whereby GoSecure's opposition to CrowdStrike's Motion to Dismiss was filed August 22, 2024 (Dkt. 26), and CrowdStrike's reply was filed September 12, 2024 (Dkt. 32).

2. CrowdStrike filed a Motion to Stay Discovery on August 16, 2024, and the motion was fully briefed. *See* Dkt. 24; Dkt. 27; Dkt. 28. The Court denied CrowdStrike's motion on September 10, 2024. Dkt. 31.

3. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed 45 days following the Court's claim construction order.

4. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **Five business days after issuance of the Court's *Markman* order**, and each opposing party shall respond, in writing, on or before **Five business days after written offer of settlement**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

5. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **September 30, 2024**.

6. The parties will exchange initial disclosures by **September 27, 2024**. The parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A).

7. On **October 25, 2024**, Plaintiff shall serve on Defendants preliminary infringement contentions that shall contain the following information:

   a. Each claim of each patent in suit that is allegedly infringed by each opposing party;

   b. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   c. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112 (¶ 6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

    d. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

    e. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

    f. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

8. On **October 25, 2024**, Plaintiff shall produce to Defendants:

    a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. §102;

    b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to paragraph 7(e), above, whichever is earlier; and

    c. A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

    9.    On **December 20, 2024**, Defendants shall serve on Plaintiff preliminary invalidity contentions that shall contain the following information:

    a.  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art sales or public disclosures under pre-AIA 35 U.S.C. § 102(b) / post-AIA 35 U.S.C. § 102(a)(1) shall be identified by specifying the item offered for sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under pre-AIA 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under pre-AIA 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s). Prior art references under post-AIA 35 U.S.C. § 102(a)(1) showing that the claimed invention was otherwise available to the public shall be identified by specifying the form and nature of the reference, the manner in which the reference was made public, and the date on which the reference was made public;

    b. Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

    c. A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

    d. Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112 ¶ 2 or enablement or written description under 35 U.S.C. § 112 ¶ 1 of any of the asserted claims.

10. On **December 20, 2024**, Defendants shall produce to Plaintiff:

    a. Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its paragraph 7(c), above, chart; and

    b. A copy of each item of prior art identified pursuant to paragraph 9(a), above, which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

The producing party shall separately identify by production number which documents correspond to each category.

11. The following schedule shall apply to claim construction proceedings in this case:

a. On **January 10, 2025**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

b. On **January 31, 2025**, the parties shall concurrently exchange proposed constructions.

c. On **February 21, 2025**, the parties shall disclose extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

d. On **March 7, 2025**, the parties shall meet and confer to narrow terms in dispute.

e. On **March 14, 2025**, the parties shall exchange revised lists of terms and proposed constructions, if any.

f. On **April 11, 2025**, Defendants shall file their Opening Claim Construction Brief, with supporting evidence, including any declarations of expert witnesses in support of claim construction.  The page limit for the Opening Claim Construction Brief shall be 20 pages double-spaced, exclusive of the caption, signature block, any certificate, and exhibits.

g. On **May 9, 2025**, Plaintiff shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions.  The page limit for the Responsive Claim Construction Brief shall be 20 pages double-spaced, exclusive of the caption, signature block, any certificate, and exhibits.

    h. On **May 23, 2025**, Defendants shall file their Reply Claim Construction Brief. The page limit for the Reply Claim Construction Briefs shall be 10 pages double-spaced, exclusive of the caption, signature block, any certificate, and exhibits.

    i. On **June 6, 2025**, Plaintiff shall file its Sur-Reply Claim Construction Brief. The page limit for the Sur-Reply Claim Construction Brief shall be 10 pages double-spaced, exclusive of the caption, signature block, any certificate, and exhibits.

    j. Claim Construction Hearing: **July 8, 2025, OR AT THE COURT'S CONVENIENCE.**

12. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **February 7, 2025**.

13. Fact discovery is already open.

14. **Thirty days after issuance of the Court's *Markman* order** Plaintiff shall serve on Defendants final infringement contentions.

15. **Thirty days after service of final infringement contentions** Defendants shall serve on Plaintiff final invalidity contentions.

16. The parties shall complete all fact discovery on or before **December 19, 2025**.

17. All parties with the initial burden of proof shall exchange opening expert reports (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **January 16, 2026**. The parties shall exchange rebuttal expert reports (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **February 27, 2026**.

18. The parties shall complete all expert discovery on or before **April 10, 2026**.

19. All dispositive motions shall be filed on or before **June 5, 2026**. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion (i.e., *Daubert* motion), specifically stating the basis for the objection and identifying

the objectionable testimony, at the same time, on or before **June 5, 2026**.  Each such motion shall be limited to 20 pages, double-spaced, exclusive of the caption, signature block, any certificate, and exhibits.  Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages, double-spaced, exclusive of the caption, signature block, any certificate, and exhibits.  Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, double-spaced, exclusive of the caption, signature block, any certificate, and exhibits.  Nothing herein prevents a party from filing multiple dispositive and/or Daubert motions, provided that such motions meet the requirements provided herein.

20. The parties shall serve and file pretrial disclosures as and when required by the Court's Local Rules.

21. The parties shall serve and file motions *in limine* as and when required by the Court's Local Rules.

22. The Court will set this case for final pretrial conference at a later time.  The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.  The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

23. This case is set for jury trial commencing at 9:30 a.m. on **November 16, 2026**.

24. The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date.  Those dates are firm.  The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

SO ORDERED on _____, 2024

_____

United States District Judge