IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GOSECURE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-526-DII |
| | § | |
| CROWDSTRIKE, INC. and | § | |
| CROWDSTRIKE HOLDINGS, INC., | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER</u>**

Before the Court is Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.'s ("CrowdStrike") opposed motion to stay pending *inter partes* review ("IPR"). (Dkt. 49). Plaintiff GoSecure, Inc. ("GoSecure") filed a response in opposition, (Dkt. 52), and CrowdStrike filed a reply, (Dkt. 53). Having considered the parties' arguments, the record, and the relevant law, the Court will grant the motion to stay the case.

GoSecure filed its complaint on May 16, 2024, alleging infringement by CrowdStrike of U.S. Patent Nos. 9,954,872 (the "'872 Patent") and 9,106,697 (the "'697 Patent") (together, the "Asserted Patents"). (Compl., Dkt. 1). On July 25, 2024, CrowdStrike filed a Motion to Dismiss, (Dkt. 21), to which Plaintiff responded, (Dkt. 26), and CrowdStrike replied, (Dkt. 32). This Court referred the motion to dismiss to United States Magistrate Judge Susan Hightower on October 17, 2024. The motion is still pending. On October 31, 2024, CrowdStrike filed four petitions with the Patent Trial and Appeal Board ("PTAB") challenging all claims of the Asserted Patents. (Mot., Dkt. 49, at 2–3; Petitions, Dkt. 49-2 through 49-5). On November 5, 2024, CrowdStrike filed the instant motion to stay all proceedings in this case until the PTAB concludes its IPRs. (Dkt. 49). The following day, a scheduling order was entered in this case. (Dkt. 50).

1

District courts generally consider three factors when determining whether to stay a matter in light of IPRs: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *See Crossroads Sys. v. DOT Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015).

First, CrowdStrike asserts that a stay has a substantial likelihood of simplifying the issues, as the IPR petitions challenge every claim of the Asserted Patents and the IPRs may simplify claim construction. Second, CrowdStrike contends that a stay is warranted because the pleadings have not closed, the parties have engaged in only limited fact discovery, claim construction has not begun, the fact discovery deadline is more than a year away, and trial is more than two years away. Third, CrowdStrike argues that a stay will not unduly prejudice GoSecure because GoSecure delayed in filing this case, GoSecure has not sought preliminary injunctive relief, a stay will not diminish GoSecure's ability to seek monetary damages later in this case, and the stay would only cause a short delay in the case should IPRs not be instituted. (Mot., Dkt. 49, at 4–10).

In response, GoSecure argues that any potential simplification of the issues is speculative at this stage because the PTAB has not yet instituted IPRs. Second, GoSecure asserts that the early status of this litigation does not justify a stay because the parties have expended effort in negotiating a recently entered scheduling order and a stay may further delay the scheduled trial setting. Last, GoSecure contends that a stay will unduly prejudice GoSecure because GoSecure is a small company and a competitor of CrowdStrike, so any delay in this litigation threatens GoSecure's ability to remain solvent and increases the likelihood that CrowdStrike will continue its allegedly infringing behaviors by running out the clock on GoSecure's financial stability. (Resp., Dkt. 52, at 4–10).

The Court finds that the factors weigh in favor of granting a stay. First, a stay is likely to simplify the issues in this case. Should the PTAB decide to institute IPRs, the issues in this case

could be greatly simplified, given that the PTAB could find that all or some of the claims of the Asserted Patents are unpatentable. IPRs therefore "could dispose of the entire litigation: the ultimate simplification of issues." *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014). And if "some of the asserted claims survive [IPRs], then statements and reasoning by the PTAB may be persuasive as this court construes the parties' disputed claim terms." *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018). However, even if the Board decides not to institute IPRs, the case will only have been stayed a matter of months because institution decisions on the Asserted Patents are expected by May 2025, (*see* Liaw Decl., Dkt. 49-1, ¶ 10), and proceedings can begin again at that time. *See Nobots, LLC v. Google, LLC*, No. 1:22-cv-585-RP, Dkt. 53 (W.D. Tex. July 13, 2022).

Second, the Court finds that a stay will not unduly prejudice GoSecure. GoSecure argues that it is a small company that directly competes with CrowdStrike, so any delay in this litigation threatens GoSecure's ability to remain solvent and stay competitive with CrowdStrike. (Resp., Dkt. 52, at 6–7). While competition between the parties can weigh in favor of finding undue prejudice, a party's failure to request preliminary injunctive relief can indicate that the party is not unduly prejudiced by a stay of its case. *See VirtualAgility Inc.*, 759 F.3d at 1318–19; *see also Uniloc 2017 LLC v. LG Elecs. U.S.A.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("[F]ailure to file for preliminary injunction suggests that monetary damages could adequately compensate [Plaintiff]."). To the contrary, a stay "will not diminish the monetary damages to which [GoSecure] will be entitled if it succeeds in its infringement suit." *See id.* at 1318. Further, GoSecure's decision to wait approximately six and nine years after its patents issued to file suit, (*see* Dkt. 1, ¶¶ 39, 43), weighs against its claim that it will be unduly prejudiced by maintaining the stay. *See VirtualAgility Inc.*, 759 F.3d at 1318–19 (noting the fact that a patentee waited nearly a year after the asserted patent was issued to file suit weighed against a finding of undue prejudice). A delay of a few months

while the PTAB determines whether to institute IPRs will not unduly prejudice GoSecure, nor will a stay pending IPRs unduly prejudice GoSecure should the PTAB decide to institute IPRs given the likelihood of simplification of issues.

Last, this case is at an early stage of litigation, as the Court has only recently entered a scheduling order on the day after the motion to stay was filed. (*See* Dkt. 50). The Court has not yet ruled on CrowdStrike's pending motion to dismiss, (Dkt. 21), so the pleadings are not yet closed. The parties have engaged in only some initial discovery. (Mot., Dkt. 49, at 7). Claim construction proceedings will not begin until January 2025, the Markman hearing is not until July 8, 2025, and trial is not scheduled until November 2026. (Dkt. 50). This early stage of litigation favors a stay. *See, e.g.*, *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted).

For these reasons, **IT IS ORDERED** that CrowdStrike's opposed motion to stay pending IPR, (Dkt. 49), is **GRANTED**. This action is **STAYED** pending further order until CrowdStrike's IPRs are resolved.

**IT IS FURTHER ORDERED** that the parties shall file quarterly status reports apprising the Court of the status of the IPRs, with the first status report due on or before **March 10, 2025**.

**IT IS FINALLY ORDERED** that in light of the stay, GoSecure's motion for oral argument, (Dkt. 38); the parties' joint motions for entry of e-discovery order, (Dkt. 42), and the parties' joint motion for confidentiality order, (Dkt. 44), are **MOOT**. The parties may re-file these motions once the stay is lifted.

**SIGNED** on December 11, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE